August Technology v. CAMTEK Mr. Stacey, when you're ready, please proceed. Good morning, Your Honors. With your permission. The Supreme Court has twice got to look at the issue of contempt as it relates to injunctions. And interestingly enough, both cases are related to the United Mine Workers. The first case is the 1947 U.S. v. United Mine Workers, and then the second case is what's referred to as the Bagwell case, but it's United Mine Workers v. Bagwell. And these two cases really lay out the difference between criminal contempt and civil contempt and establish the procedural requirements. And very importantly, the original United Mine Workers case from 1946 deals with a vacated injunction. It deals with the exact type of fact pattern we have in this case. So if you recall in this instance, the district court issued an injunction based on an infringement finding, and this court vacated the injunction, vacated the infringement finding, and then after that the court put in the finding of contempt. So when you look at the original United Mine Workers cases, and I promise I won't read much case law to you, but there are a couple of really important quotes in there on how the Supreme Court wants to deal with civil contempt actions. Mr. Stacey, on what basis do we have jurisdiction to address this question? Yes, sir. So this court would have jurisdiction under 1295, and first of all, if this damage amount is anything over pure compensatory, it would be a criminal sanction, and a criminal contempt sanction is immediately appealable. But first of all, we don't even know what the number is, right, the final number? Yes, we do. Okay, but it's not a final judgment. The court didn't enter a final judgment on this, did it? When you say this, I'm not sure. On the contempt order. Yes, the contempt order has a final judgment. It was payable and due. They entered a final number, but they didn't enter the final judgment as to the case. Is that correct? Well, I think there is a final judgment with regard to the contempt portion of the case. Wait, final judgment is not a colloquial term. I think that what Judge O'Malley is asking is quite clear. Is there a final judgment in the case? There can only be one final judgment, otherwise it's not final. There is not a final judgment with regard to the remanded infringement portion. No. Okay, and don't we have CAESA that says that a contempt finding is an interlocutory appeal, and that while it's appealable with the final judgment, it's not appealable before that? So you have to separate between criminal and civil. With regard to criminal, it's immediately appealable. There has been no requirement for a final judgment. With regard to civil, the case law from the other jurisdictions that apply 1291, similar statute, all say that after a judgment is entered, then the court has jurisdiction. It does not necessarily need to be a final judgment. My apologies. So you have to have it be criminal in order to get us under 1295? No, I do not. The consumer gas case is a very telling case. It dealt with this exact type situation in what consumer gas and the public court there came to the decision that it had jurisdiction under one or the other, or maybe both. But if it was criminal, they had immediate jurisdiction, and if it was civil, because it was post-judgment, then they had jurisdiction at that point in time. What about post-judgment right now? The order, it's titled judgment. We have a clear form from the district court in Minnesota. It's titled judgment. That doesn't necessarily make it a final judgment where there are proceedings that are ongoing. That's correct. Assuming we find no jurisdiction because of the ongoing nature of the case, the issue that you're appealing on contempt is not going to be foreclosed when a final judgment is ultimately entered. Isn't that right? In other words, the issue that you're arguing now is not going to go away. You're not going to be foreclosed from arguing that. If we should say we don't have jurisdiction now because it's a lack of finality, you've got to wait until everything is done, and once everything is done, then you can appeal, and you can appeal the contempt order just like anything else. That would be correct if the court makes a determination on finality under civil. But again, if you go back to Bagwell and the Supreme Court, if there is a fine that's $1 over what is compensatory, and that would be lost profits in this case, it is a criminal sanction, and it's immediately appealable. And the Supreme Court has warned over and over that the district courts have to be incredibly careful about due process once they have criminal sanctions. And the underlying issue here is... But didn't Judge Thunheim actually enter an order reducing the sanction to make it absolutely clear that the only entry was compensatory? Judge Thunheim labeled it as civil and then adopted a number that has no foundation being actual compensatory sanctions. I thought that the adopted number was the exact lost profits number. No, that's incorrect. The adopted number was the lost profits determination from the district court on U.S. sales. One of the key issues here is this is an extraterritoriality sale. The contempt action here were e-mails sent to the United States, but the machine, they're small car-sized machines, are built in Israel. One was shipped to Malaysia and installed in Malaysia. But, okay, so you're trying to get to the merits of your argument, but that's not what contempt is about. And if, assuming this is a U.S. sale, then the lost profit amount is correctly the exact amount of the lost profits that were awarded in this case. You're trying to tell me, no, this is a foreign sale. Look at Transocean, Your Honor. This shouldn't have ever been something for which an infringement or contempt or anything else should occur. But that's part of the merits. That's not, if I assume what the judge said is true, that this is, in fact, contempt, then you have to assume that the lost profits is the right number, right? Then it is clearly civil because the lost profit number that was awarded, it seems to me, is identically the lost profit number for the U.S. sale. Well, actually, that's not correct mathematically, and we raised that. There are only two sales. How could I be that far off? Well, because in the United States, the judge determined that it was a multiplayer market and awarded a 60% market share to August. And, in fact, in August, in its original briefing, asked for that same 60% market share to be applied. But the court, when it adopted its order, disregarded that and assumed Malaysia and China to be two-player markets and made it a two-player market, so they did away with that 60% multiplier. So we got a 40% penalty right there that has nothing to do with actual loss, which the Supreme Court requires. So that 40% penalty alone makes this criminal. But, again, the analysis was based on a theory of compensation, which suggests that this was civil, which is what the judge explicitly said. The analysis was based on lost profits, but the court disregarded its own calculations to enhance this number up from a 60% reduction to a 60% reduction. I understand that. But, nonetheless, the analysis was predicated upon some determination of compensation as opposed to some penalty. Correct. And that's the distinction between civil and criminal. I don't believe that's accurate, sir. Or that's a distinction. Yes. I mean, if you look at United Mine Workers 294, 295. I'm familiar with that. Page 304, I mean, the Supreme Court's very clear. A sanction is civil if it compensates for indirects condemned, if it compensates or coerces. Coercion's not an issue here. If it compensates for actual loss. Anything greater than actual loss makes it criminal. I have a dumb question. Who was the other 40% of the market share? So you said they had 60% of the market share, right? Was the other 40% non-infringing alternatives? What was the other 40%? I believe it was spread among other competitors. Okay. Other competitors selling the same device. At least a comparable device, yes. So now, at post-injunction, we're in a universe where selling that device is absolutely infringing upon the patentee's rights. Why doesn't that move them to a 100% market share situation? I think this is about whether they're – it's not a fungible device. These are large machines. So there's no evidence in the record that these other devices infringed or anything along those lines. But keep in mind the contempt issue here was the judge prohibited, and I'm not justifying any of the conduct, but the judge prohibited communications that came into the United States for a sale that went from Israel to some other country. So this is not about products that ever came into the United States. These sales would have been absolutely permitted had a couple of emails not come into the United States. That's the key distinction here. These products never came to the United States. And again, I'm not justifying the conduct. The order was there. They should have obeyed it. But it's not an infringement matter here that we're talking about. Do you want to spend a couple minutes on willfulness? Because you're right at the edge of your time and starting into your rebuttal time, so it's up to you. Unless you have any questions on willfulness, I will pass. All right. Why don't we hear from Ms. Hughley? Hughley. Good morning. May it please the Court. My name is Rachel Hughley, and I represent Rudolph and August. I think it's important to note in this case that on appeal, CAMTEC doesn't dispute that it violated a court-ordered injunction. That's not an issue that it disputes. On appeal, it does dispute the remedy. And as we set forth in our brief, we do not believe the district court abused its wide discretion in setting an equitable compensatory remedy. Well, they argue that the remedy isn't compensatory, that it's punitive, that it exceeds what could have been awarded as a compensatory remedy. Yes, Your Honor, that is correct. And with respect to that, you know, first of all, the Supreme Court has made very clear that the compensatory remedy is not limited to damages caused. That was the Lehman case. So in that case, the appellate court, this is a quote from the case, the appellate court held that the petitioners were limited to the damages caused by such sales and that no damages had been shown. We think that the court erred by imposing that limitation. And in the Lehman case, the court went on to say the infringer's profits were an appropriate remedy. And since that, other circuit courts have said disgorgement of the entire amount of revenue is appropriate. So it would have been appropriate for the district court in this case to say as a compensatory remedy, $1.4 million. That's the amount of sales that CAMTEC made. But we don't have to get into that because in this case, as I think the court already recognized, the compensatory remedy that the district court set for violating that court order and injunction was consistent with the jury's verdict. Do you agree that the only possible basis for jurisdiction here is 1295 or do we either have to find that there's a final judgment of some sort because the court used the word judgment or we have to find that this was a criminal contempt in order for us to have jurisdiction? No, Your Honor. Your Honor, the Federal Rule of Civil Procedure, Rule 54, allows the district court to enter a final decision on more than all of the issues. And courts have allowed, I don't want to call it interlocutory, but some appeal... But 54B has very specific requirements. It does. And we apply our circuit law to 54B, do we not? Yes, Your Honor, we do. I mean, you've argued about 8th Circuit Law, but in ILO we made it very clear that it's a matter of Federal Circuit Law. Absolutely, Your Honor. I think that it's an open issue in this circuit whether the statement, no just cause for delay, has to be in the order from the district court for it to be appealable prior to the full final decision. I don't know that this court has taken a position. I know this court has certainly taken a position in Integris that there's no interlocutory appeal over a contempt sanction that's immediately payable, but I don't know that it's taken a position about Rule 54's specific requirements. But even if that language is missing, there has to be something that makes it clear that there's some sound reason to justify departing from the general rule, and in this case, it seems to me, there's neither the statement, no just reason for delay, nor an analysis and statement of reasoning. Yeah, I don't agree with you. I do agree with you, Your Honor. I agree with you. Well, that means that 54B is not going to come to the aid of the parties in terms of jurisdiction. Sure, absolutely. And I should say we didn't take a position on jurisdiction one way or the other, but I'm not sure that it's clear. Before the referees, I thought you did. Yeah, you did. We said that it was unclear. We said it was unclear. I think that it probably... But you're missing. Yeah. Have you seen the Eilor case versus Google? Bryce's decision where it specifically addresses this question? Oh, well, there you go. Okay, so we have taken a position, and our position is pretty clear. It's a 2008 case, and we said that you have to have... It's not even enough, frankly, to have the no just reason for delay language. Right. You have to have more than that. So for us to have a situation where we don't even have that language and to somehow say 54B could apply, I don't know how we could make that leap. Absolutely, Your Honor. I mean, this Court might say there's no jurisdiction. Okay, so we either have to have a final judgment. Do you agree that this was meant to be a final judgment? I think that the district court did intend for it to be on the issue, but certainly not on the whole case. Okay. Did they use Rule 58 language anywhere in that order? I don't know if I have the exact... I don't know if I have the order that the court issued right in front of me. But, no, the court didn't obviously use that Rule 54. Did the court say in the order that it was due and payable immediately? I don't know that it did.  and the court has allowed CamTech to post a bond. So, currently, the parties have recognized... I believe the parties have recognized it's immediately payable. CamTech posted a bond and then filed its appeal. But I don't know that the district court issued a specific order. Then if we conclude that it's not a final judgment because it's not final within the meaning of 1295, then it has to be criminal. Well, for jurisdiction purposes, yes. Right. But you dispute that this is a criminal case. Absolutely, Your Honor. If this Court determines that the only way that it would have jurisdiction if it was criminal, then this Court does not have jurisdiction because it's not criminal. Okay. And other than the fact that the judge said it was making this compensatory, what other grounds do you have to base your argument that it's not criminal? Certainly. Well, there's lots of reasons why it's compensatory. Obviously, the fact that three different district court judges characterized this specific amount of compensatory is not binding, but it's something the Court can consider. Second of all, the compensatory sanction was based on a measurement of harm to Rudolph. Specifically, it was based on the jury's lost profits award determined in a jury trial, affirmed by the district court, and then used by the district court to measure supplemental damages after trial as well. So it was certainly a measurement of an equitable compensatory remedy for this violation of the injunction. Okay. If it's a civil contempt finding, then of what impact under United Mine Workers is the fact that we vacated the underlying judgment upon which the injunction was predicated? Certainly. So both United Mine Workers and other cases since then have made it very clear that while an injunction is in effect, it must be obeyed. And that violation of that injunction is contempt whether the injunction ultimately is vacated or not. And that's something the United Mine Workers recognized in the... It is contemptible and it is sanctionable under a criminal contempt, but does it remain sanctionable if it's a civil contempt? Yes. So obviously, United Mine Workers was a criminal case and it was only considering a criminal. But since then, that has been recognized in civil cases as well. The Howard Johnson case that we cite in our brief, the Court specifically recognized... Really? Because the United Mine Workers case, the 330 U.S. one, says right in it that the right to remedial relief falls with an injunction which events prove was erroneously issued. It expressly says, in a civil contempt proceeding, the right to remedial relief falls with an injunction which events prove was erroneously issued. Yes. And that United Mine Workers was a question... In the United Mine Workers, the question was, did the court have jurisdiction to ever issue the injunction? United Mine Workers went on to say, yes, the court had jurisdiction. Then it said, had the court not ever had jurisdiction to issue it, criminals still would have remained, although civil may not have. And that was dicta. But later on, this is the... Because CAMFED didn't bring this up, I don't think it was briefed, but I'll tell you the case. Coleman v. Espy, 986 F. 2nd, 1184. This is an Eighth Circuit case from 1993. Well, wait. So the Supreme Court says the right to remedial relief falls with an injunction which events prove was erroneously issued. And you're going to cite to me some later Eighth Circuit case that is somehow overruling what you call Supreme Court dicta. No, no. So it is Supreme Court dicta, and what's clear is that the only thing in United Mine Workers was, did the court have jurisdiction to issue the injunction? And so this Eighth Circuit case, 986 F. 2nd, 1184. What is the purpose of a civil contempt sanction? To compensate. Okay. So if it's determined that you have no right to compensation, how should that compensation still stand? The question is the compensation for the violation of the injunction. No, that's criminal. That's not what the compensatory nature goes about. The compensatory civil sanction, all of the cases say, is only to compensate for the harm suffered, not for some theoretical violation of an injunction, therefore the court's inherent power to require people to obey it, but the harm suffered by the plaintiff. If the plaintiff suffered no harm because the injunction was improperly in place, then how can that civil contempt sanction stand? So the civil contempt is for the harm because of the violation of the injunction, not because of the harm for violation of the patent rights. Those are different things. And that's something that the Howard Johnson case specifically recognized. The court said it was a preliminary injunction case on a trademark, and the court went on to say, even if it turns out that the merits of the case go the other way, which is to say that the injunction was wrong, the contempt, the civil contempt, still stands, and this 8th Circuit case recognizes the exact same thing. So it goes on to say, compensatory civil contempt actions do not survive if the underlying injunction is vacated because it was issued erroneously, that's the United Mine Workers' language. However, compensatory civil contempt proceedings may continue when the underlying injunction abates for a reason that does not go to the jurisdiction of the issuing court. Chemtech has never argued the district court in this case didn't have jurisdiction to issue the injunction. So at the time that the injunction was in place, that was a valid injunction, and that deserved to be followed, and Rudolph was harmed at the time that the injunction was in place. The district court did not abuse its broad discretion in measuring a compensatory award for the amount of harm that was caused at the time that the injunction was in place. Whether later on it turns out that the injunction was erroneous or not, which obviously is our position, the injunction is completely proper and will be reissued in its entirety, doesn't matter. And that's something that, again, the Howard Johnson case specifically recognized, that's something that United Mine Workers recognized. United Mine Workers said, you have to follow injunctions. Whether you like them or not, whether they're later vacated or not, you must follow them. The fact that in DICTA, United Mine Workers said, well, if the court never even had jurisdiction, that's a different issue. That's not what we have here. This is not a jurisdictional issue. The district court had jurisdiction to issue this injunction. I have a question. This whole thing is like a civil procedure exam. The order originally arose from a 60B motion. But how can you have a 60B motion if you don't have a final judgment? Because the 60B presumes that you are setting aside a final judgment. I feel like I'm having a civil procedure exam, Your Honor. I suppose the issue is, it was final on that issue. Obviously, the case itself was not final, but it was final on that issue, and district courts allow parties to try to reopen final determinations on the issue. That would be a motion for reconsideration under Rule 59, not a 60B, right? That's right. Okay. Anything else? If there are no further questions? Okay. Thank you very much, counsel. Mr. Stacey, you still have some rebuttal time. Thank you. So, counsel just made a statement. If I could step back here and grab my casebook. That the actual harm comes from the underlying violation of the injunction, not an underlying violation of the law inside of the Howard Johnson case. First of all, that was pre-Bagwell in its Eighth Circuit, and what she said directly contradicts what the Supreme Court said in United Mine Workers. Again, I apologize for reading a very short clip, but this is from 304, and it says, Such fine must of course be based upon evidence of complainant's actual loss, and his right as a civil litigant to the compensatory fine is dependent on the outcome of the basic controversy. And then the court goes on to describe that. You know, I'm having a problem because sometimes, you know, that notion of be careful what you ask for. I mean, you have to have this be criminal in order for us to have jurisdiction. But if it's criminal, then you have no argument that it somehow fades away if, in fact, the injunction is set aside, or if, in fact, the injunction was erroneously entered. I mean, are you sure you want to argue that this is criminal? Well, first of all, we're never given due process for a criminal contempt sanction at all. So we haven't contested the civil contempt sanction, but I absolutely and the client absolutely contest anything on criminal grounds because they were denied due process on that. So if you get us on appeal, if you convince us that it's criminal and so you have a right to appeal, then what, we send it back and say you have to give them all the process that is due for a criminal contempt sanction, and you don't have the ability to go back and argue that under United Mine Workers, because it's civil, that it should fall away with our earlier reversal of the grounds for the injunction. No, that's not the outcome here. Judge Tonheim, the second judge to look at this, specifically looked at it and said, I'm not putting in criminal sanctions. I want civil sanctions. And that's the only thing that the court put in place. That's the only thing that's on appeal. And our point is that the point is the judge intended to put in civil sanctions. The district court intended to put in civil sanctions, called them civil sanctions, but then did the calculation improperly. And so as long as the, regardless of the label that the district court puts on it, the only procedures ever given to us were civil, everyone treated this as civil, but the dollar amount that was awarded violates, Bagwell violates the United Mine Workers, because it doesn't actually compensate them for a loss. And as United Mine Workers said, a plaintiff shouldn't be allowed to profit on a civil contempt issue, and if they can't prove an actual loss, then it's a windfall to them where a criminal fine would go to the government. It would seem that that argument is one that you should make in appeal from the civil sanction at the appropriate time, and the argument should be this is not an appropriate civil sanction. It should be set aside because it has a criminal character to it, rather than try to shoehorn that into an immediate appeal. Because you're asking us, as Judge Moore said before, to analyze the merits in order to determine the jurisdictional question, and that seems backwards. It is, but because this is a due process right, I think the court has to be more cautious. The district court labels it as civil and then institutes criminal sanctions, then this court has to look at taking jurisdiction there because it is a criminal sanction. And the last thing I'll leave you with, minus any other questions, was the final order from the court, the judgment, was at JA664. I know counsel couldn't put fingers on it. But you'll see that that was the final order, and that comes with appellate procedures when the district of Minnesota sends that out. So I do believe that that is a final judgment on that issue. There's no other issue in the underlying case that needs to be resolved for this content on the civil side for the court to also have jurisdiction. No other questions? Thank you. Okay. Case is submitted. I thank both counsel for their argument.